UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

MICHAEL CAMPBELL,           )
                            )
    Petitioner,              )
                            )
v.                          )  Case No. CV415-315
                            )
VANCE LAUGHLIN,             )
                            )
    Respondent.             )

## REPORT AND RECOMMENDATION

A Chatham County, Georgia jury "found Michael Campbell guilty of felony murder while in the commission of an aggravated assault and of possession of a knife during the commission of a crime. . . . [T]he trial court imposed a life sentence for the murder and a consecutive five-year sentence for the weapons offense." *Campbell v. State*, 269 Ga. 186, 186 (1998). After Campbell exhausted his appeals and unsuccessfully petitioned this Court under 28 U.S.C. § 2254, *Campbell v. Head*, CV498-214, doc. 19 (S.D. Ga. Mar. 24, 1999) (denying § 2254 relief), he tried again at the Eleventh Circuit, *In re Campbell*, No. 02-15444-J (11th Cir. Oct. 21, 2002) (denying him permission to file a successive § 2254 petition), filed as doc. 24 in *Head*.

Now Campbell is back with another § 2254 petition.[1] CV415-315, doc. 1. And he did not bother to disclose his prior bites at the habeas apple.[2] In any event, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[3] 28 U.S.C. § 2244(b)(3)(A). This Court "lacks jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, it "*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990,

---

[1] Campbell also moves for leave to proceed *in forma pauperis*. Finding him indigent, the Court **GRANTS** that motion. Doc. 2.

[2] Disappointingly, the § 2254 form petition that he used failed to ask him about any prior federal court filings. Georgia's Attorney General is encouraged to direct all Georgia prisons to download and avail the latest federal § 2254 form, which (question 14) elicits this valuable data point: http://www.uscourts.gov/forms/habeas-corpus-petitions/petition-writ-habeas-corpus-under-28-usc-ss-2254

[3] The Court reviewed his latest § 2254 petition under Rule 4 of the Rules Governing Section 2254 Cases.

2

991 (7th Cir.1996) (emphasis in original)), *adopted*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Because (1) this is Campbell's second § 2254 petition, and (2) he never sought permission from the court of appeals to file it, "this Court is not at liberty to consider it." *Id.* Accordingly, it must be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 30th day of November, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA